REQUESTED BY: Senator Tom Vickers State Capitol Lincoln, NE 68509
Dear Senator Vickers:
This is an answer to your inquiry concerning the provisions of LB 60 which, in its present form, would permit corn and wheat checkoff fees to be used to influence legislation, but would prevent other checkoff boards from so using the fees which they received.
You have asked if there is any legal prohibition against permitting some checkoff fees to be used to influence legislation without making all checkoff fees available for such purposes.
In a number of instances the Legislature has created boards whose duties are to promote various agricultural markets, i.e. corn, wheat, soybeans, grain sorghum, and beef. In each of these instances the boards have been authorized to collect an excise tax on the sale of the particular commodity to, among other things, conduct programs for the development, utilization, and marketing of the various commodities. In the original legislation creating each of the checkoff boards, among the restrictions placed upon the expenditure of the funds collected was that such funds could not be expended to influence legislation.
From our examination of the provisions of the constitution, we find no prohibition against the use of checkoff funds to influence legislation on behalf of the various commodities, nor do we find any provision which would require that if one such board should be authorized by the Legislature to expend its funds for a specific purpose that all such boards be given the same authority. Each board was created separately, for a specific purpose, and we are not aware of any requirement that the fees or excise taxes collected on behalf of the various boards must be expended for exactly the same purposes in all instances.
You have also asked that since the checkoff fees are mandatory is there any reason why that portion of the fees which may be used for influencing legislation must be refunded to those persons who pay the fee and may be opposed to its use for that purpose.
In answer we point out that the fee paid is an excise tax on the sale of a commodity, and the Legislature, having the right to assess the tax, has the right to authorize its use for any lawful purpose. Since influencing legislation is not unlawful, the use of checkoff fees for that purpose may be authorized or not by the Legislature without requiring that a portion of the tax be refunded to a payer who may object to its use for that purpose.
Sincerely,
ROBERT M. SPIRE Attorney General
Bernard L. Packett